UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MARION LEE YOUNG, I, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>M. KOLHOUSE Capt., )<br>SGT. MILLER, )<br>)<br>Defendants. ) | No. 2:23-cv-00271-JPH-MJD |

**ORDER GRANTING DEFENDANTS' UNOPPOSED
MOTION FOR SUMMARY JUDGMENT**

This action is based on Marion Young's allegations that staff members at the Knox County Jail attacked him in October 2022. The defendants asserted the affirmative defense that Mr. Young failed to exhaust administrative remedies before filing suit. For the following reasons, their unopposed motion for summary judgment based on that defense is granted, and this action is dismissed.

**I. Summary Judgment Standard**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Schs.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for

the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is required to consider only the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour the record" for evidence that is potentially relevant. *Grant v. Trustees of Indiana Univ.*, 870 F.3d 562, 572 (7th Cir. 2017).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Mr. Young has not responded to the summary judgment motion, and the deadline has passed. *See* dkt. 31. When a summary judgment motion is unopposed, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for

2

summary judgment," though, "the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II. Prison Litigation Reform Act and Exhaustion of Administrative Remedies

On a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Sys., Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). In this case, the substantive law is the Prison Litigation Reform Act (PLRA), which requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002) (citation omitted).

"To exhaust available remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (citing *Woodford v. Ngo,* 548 U.S. 81, 90–91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

3

"Because exhaustion is an affirmative defense," the defendants face the burden of establishing that "an administrative remedy was available and that [Mr. Young] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 578 U.S. 632, 642 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* (internal quotation omitted).

### III. Facts

When the Court screened the complaint pursuant to 28 U.S.C. 1915A, it summarized Mr. Young's allegations as follows:

> In October 2022, Capt. Kolhouse, Sgt. Miller, and the sert team cuffed Mr. Young's hands behind his back, extracted him from his cell, placed him in a padded cell, cut his clothes off, and attacked him without provocation. Sgt. Miller grabbed Mr. Young's head and twisted it.

Dkt. 9 at 2.

The Jail offers a four-step administrative remedy program. Dkt. 31-1 at 4–5. By Jail policy, all inmates are notified of this program through the Jail's electronic kiosk. *Id.* at 6.

At the first step, an inmate must request informal resolution of his concern within 72 hours of the incident using the kiosk. *Id.* at 4. The shift supervisor must respond within seven business days. *Id.* If the inmate is dissatisfied with that response, he must advance to the second step and

4

submit a Level 1 grievance to the captain within 48 hours. *Id.* If the inmate is dissatisfied with the captain's response, he must advance to the third step and submit a Level 2 grievance to the jail commander within 48 hours. *Id.* at 4–5. The fourth step is not at issue in this case.

The record includes 30 pages of grievances Mr. Young submitted between June and December 2022. Dkt. 31-1 at 9–38. At most one grievance relates to Mr. Young's claims in this case.

On November 19, Mr. Young submitted the following grievance:

> I WOULD LIKE TO BE RENBURST ON MY CLOTHING BECAUSE THEY SAY THEY CUT MY CLOTHING OFF AND THEY THREW ALL MY CLOTHING AWAY THERE WAS A WAY THEY CUT MY PANTS OFF I HAD NO SHACKLES ON

*Id.* at 33 (capitalization and errors in original). This submission is labeled as a grievance, and it is not clear whether it was preceded by an informal resolution request as the policy directs. Regardless, Captain Kolhouse responded on November 22:

> You will not be reimbursed for your clothing. You refused to follow orders and forced members of the SERT Team to remove you from your cell/pod and then you fought officers and refused orders in the padded while attempting spit on staff.

*Id.* The following day, Mr. Young replied, "ok bitch." *Id.* at 34. No evidence indicates that he made any effort to advance to the third step in the process.

### IV. Analysis

The defendants correctly argue that the designated evidence in the record demonstrates that the Jail made administrative remedies available to Mr. Young. *See* dkt. 32 at 7. Indeed, the record demonstrates that he used the

kiosk to pursue administrative remedies throughout the fall of 2022. Dkt. 31-1 at 9–38. Mr. Young declined to respond with any evidence that a particular aspect of the process was unavailable or that any part of the process was unavailable around the time of the incident at issue in this case. Based on the designated evidence, no reasonable trier of fact could determine that the administrative remedies identified by the defendants were unavailable.

The defendants also correctly argue that the designated evidence demonstrates that Mr. Young failed to exhaust the administrative remedy program with respect to his claims in this case. Viewed most favorably to Mr. Young, the record shows that he pursued administrative relief for part of the wrong he asserts in this lawsuit, but he only pursued it through the second of four steps. No reasonable trier of fact could find that Mr. Young exhausted the administrative remedies that were available to him before filing suit.

## V. Conclusion

The defendants' motion for summary judgment, dkt. [31], is **GRANTED**. This action is **dismissed without prejudice**. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("*all* dismissals under § 1997e(a) should be without prejudice."). The **clerk is directed** to enter **final judgment** consistent with this order and the screening order, dkt. 9.

**SO ORDERED.**

Date: 10/1/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MARION LEE YOUNG, I
2000030801
KNOX COUNTY JAIL
2375 S. Old Decker Rd.
Vincennes, IN 47591

All electronically registered counsel